IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE WESLEY BROWN, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL CASE NO. |
| v. : | 1:10-cv-2924-TWT |
| : | |
| JOHN J. GOGER, Judge, Fulton : | |
| County Superior Court, et al., : | |
| : | |
| Defendants. : | |

**<u>ORDER FOR SERVICE OF REPORT, RECOMMENDATION, AND ORDER</u>**

Attached is the Report, Recommendation, and Order of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon plaintiff and counsel for the defendant.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the district court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 22nd day of September, 2010.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIE WESLEY BROWN, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : CIVIL CASE NO. |
| v. | : 1:10-cv-2924-TWT |
| | : |
| JOHN J. GOGER, Judge, Fulton | : |
| County Superior Court, et al., | : |
| | : |
| Defendants. | : |

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Plaintiff Willie Wesley Brown ("plaintiff"), proceeding *pro se*, seeks to file his civil complaint without prepayment of fees and costs or security therefor, [Doc. 1], pursuant to 28 U.S.C. § 1915(a), which states in relevant part, "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." After consideration of plaintiff's affidavit of indigency, it is hereby **ORDERED** that plaintiff's request to proceed *in forma pauperis*, [Doc. 1], be **GRANTED** pursuant to 28 U.S.C. §1915(a). However, the Court must also determine whether plaintiff's proposed complaint is frivolous and, if so, must dismiss it without prejudice. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S.

319, 324 (1989).[1]  For the following reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**.[2]

Plaintiff has filed a complaint in which he appears to allege that numerous defendants, including Fulton County Superior Court Judge John J. Goger ("Judge Goger"), have violated his constitutional rights by, among other things, issuing an order denying his motion to dismiss his criminal indictment. [Doc. 1-1].  Plaintiff further alleges that Judge Goger has set a trial date of September 14, 2010, for the criminal charges pending against him, and he now seeks an order enjoining Judge Goger from conducting a trial as well as an order removing his case to this Court. [Id.].

Plaintiff's complaint, however, fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part: "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought, which may include relief in the alternative or different types of relief."  A complaint should not consist of vague and

---

[1] "Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding." Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (citation omitted).

[2] Plaintiff has also filed a motion to supplement his original complaint with exhibits, [Doc. 2], which is hereby **GRANTED**.

conclusory allegations, but must clearly state a cause of action. See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint. See 28 U.S.C. § 1331.

Here, the complaint filed by plaintiff does not meet these requirements. Indeed, plaintiff's allegations are vague and conclusory and fail to clearly state a cause of action: i.e., what rights under the Constitution, laws, or treaties of the United States have been violated and how the alleged facts support each claim set forth in the complaint. See Ransom, 2009 WL 88490, at *2; 28 U.S.C. § 1331. Therefore, plaintiff's complaint does not meet the requirements of Rule 8

Additionally, to the extent plaintiff challenges decisions made in state court, his complaint is due to be dismissed for lack of jurisdiction under the Rooker-Feldman[3] doctrine. "The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). "The essence of the Rooker-Feldman doctrine is that 'a United States District Court has no authority to review final judgments of a state

---

[3] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

3

court in judicial proceedings'" and that "[r]eview of such judgments may be had only in [the United States Supreme Court]." Narey v. Dean, 32 F.3d 1521, 1524 (11th Cir. 1994) (quoting Feldman, 460 U.S. at 482 (1983)) (alteration in original). See also Rooker, 263 U.S. at 416 (1923). "The doctrine applies when a plaintiff asks a district court to redress an injury caused by the state court judgment itself– not when a plaintiff merely seeks to relitigate a claim or issue already litigated in state court." Jones v. Unemployment Comp. Bd. of Review, No. 09-4612, 2010 WL 2075938, at *2 (3d Cir. May 24, 2010) (per curiam) (unpublished) (citation omitted). See also Narey, 32 F.3d at 1524-25 (citing GASH Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993)).

Here, plaintiff's claims center around Fulton County state court proceedings and Judge Goger's management of plaintiff's criminal case. [Doc. 1-1]. Indeed, because plaintiff seeks to either review, reverse, or invalidate what he believes were improper rulings by a Fulton County Superior Court Judge, this Court lacks subject matter jurisdiction of plaintiff's complaint under the Rooker-Feldman doctrine. See Force v. Kolhage, 198 Fed. App. 827, 828 (11th Cir. 2006) (per curiam) (unpublished); Jelks v. White, Civil No. 07-00127 ACK-LEK, 2007 WL 1322261 at *1 (D. Haw. May 3, 2007). Because "the complaint does not plead any cause of action within the Court's limited jurisdiction," plaintiff's complaint is due to be dismissed. McDowell v. United Servs. Co., No. 6:08-cv-1846-Orl-28DAB, 2008 WL 5210018, at *3 (M.D. Fla.

4

Dec. 10, 2008), adopted at *1.  For the foregoing reasons, plaintiff's request to proceed *in forma pauperis*, [Doc. 1], and motion to supplement his original complaint with exhibits, [Doc. 2], are **GRANTED**, but it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED AND RECOMMENDED**, this 22nd day of September, 2010.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE